UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

LAZARO DESPAIGNE BORRERO,

Plaintiff,

v.

HERNANDEZ, INS transportation officer, et al., IMMIGRATION AND NATURALIZATION SERVICE, et al.,

Defendants.

Civil File No. 01-2092 (RHK/FLN)

ORDER

Plaintiff, an I.N.S. detainee who is being held at the Sherburne County Jail in Elk River, Minnesota, has filed a complaint seeking relief for alleged violations of his federal constitutional rights. (Docket No. 1.) Plaintiff did not tender the requisite filing fee with his complaint, but instead filed an application seeking leave to proceed in forma pauperis, ("IFP"). (Docket No. 2.) The Court finds that Plaintiff is eligible for IFP status, and his IFP application will therefore be GRANTED.

Because IFP status is being granted, Plaintiff is entitled to have the Defendants served by the U.S. Marshal. 28 U.S.C. § 1915(d); Fed. R. Civ. P. 4(c)(2). Marshal service will therefore be ordered on the named Defendants. However, Marshal service cannot be accomplished at this time, because Plaintiff has failed to submit an adequately supported request for such service. To cure this deficiency, Plaintiff must submit one properly completed Form USM-285 for each party to be served. See Lee v. Armontrout, 991 F.2d 487, 489 (8th Cir.) (per curiam) (it is the pro se plaintiff's "responsibility to provide proper addresses for service on [defendants]"), cert. denied, 510 U.S. 875 (1993); see also Fed. R. Civ. P. 4 (establishing requirements for effective service of process). If he does not

FILED NOV 21 2001
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

satisfy this requirement by December 21, 2001, he will be deemed to have abandoned his action, and it will be recommended that the case be dismissed, without prejudice, for lack of prosecution. Fed. R. Civ. P. 41(b). If Plaintiff does satisfy this requirement in a timely manner, then a summons shall be issued, and service of process shall be performed by the U.S. Marshal. However, the Marshall will be required to serve only those parties for whom Plaintiff has submitted a properly completed Marshal service form (USM-285). (Form USM-285 will be provided by the Clerk's office upon request.)

Those Defendants upon whom service of process is effected will be required to file an answer or other responsive pleading, notwithstanding the provisions of 42 U.S.C. § 1997e(g). A copy of this Order shall be served with the summons and complaint, so that Defendants will be apprised of their obligation to file a responsive pleading.

Based upon the above, and upon all the files, records, and proceedings herein,

**IT IS HEREBY ORDERED** that:

1. Plaintiff's application to proceed in forma pauperis, (Docket No. 2), is GRANTED;

2. On or before December 21, 2001, Plaintiff shall file one completed Form USM-285 for each party to be served, failing which it will be recommended that the action be dismissed pursuant to Fed. R. Civ. P. 41(b);

3. If Plaintiff complies with the requirements of this order in a timely manner, a summons shall be issued and the U.S. Marshal shall effect service of process on those parties for whom Plaintiff has submitted a properly completed Marshal service form;

4. A copy of this order shall be served by the Marshal with the summons and complaint; and

5. Those Defendants on whom service of process is effected shall be required to file a response to Plaintiff's complaint.

Dated: November 21, 2001

FRANKLIN L. NOEL
Chief Magistrate Judge