UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Lazaro Despaigne Borrero,

Plaintiff,

vs.

Hernandez, INS Transportation Officer, et al., Immigration and Naturalization Service, et. al.,

Defendants.

Civil No. 01-2092 JEL/FLN

**REPORT AND RECOMMENDATION AND ORDER**

---

Plaintiff, *Pro Se*.
Friedrich Seikert, Assistant United States Attorney, for Defendant Immigration and Naturalization Service.

---

**THIS MATTER** is before the Court on Plaintiff Lazaro Despaigne Borrero's ("Plaintiff's) Motions for Appointment of Counsel [##5 & 8] and Defendant Immigration and Naturalization Service's ("INS") Motion to Dismiss [#16]. The matter has been referred to the undersigned Magistrate Judge for a Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.1. As discussed below, the Court finds that Plaintiff's motions must be denied and Defendant INS' motion must be granted.

## I. BACKGROUND

Plaintiff filed this Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2671 et seq., suit for money damages arising from the loss or deprivation of his personal property by officers with the INS during an inter-prison transfer. (See Docket No. 1.) Defendant INS now brings this motion for dismissal on the grounds that this Court lacks subject matter jurisdiction because Plaintiff: (1) failed to name

FILED MAY 2 1 2002
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

the United States as the proper Defendant; (2) failed to file an administrative claim with the appropriate federal agency within two years of the accrual of the claim and then file a tort claim against the United States within six months after a denial of (or failure to act upon) that claim by the administrative agency; and (3) Plaintiff's claim falls within an exception to Federal Tort Claims Act ("FTCA"). (See Def.'s Mem. in Supp. of Mot. to Dismiss at 1-2 ("Def.'s Supp. Mem.").) For purposes of this motion, the facts are viewed in the light most favorable to Plaintiff. See Ring v. First Interstate Mortg., Inc., 984 F.2d 924 (8th Cir. 1993).

Plaintiff is a native and citizen of Cuba who arrived in the United States on April 2, 1980, at Key West during the Mariel boat lift exodus from Cuba. That day, he was paroled into the United States for humanitarian reasons. (Def.'s Supp. Mem. at 2-4.) Plaintiff eventually came to Minnesota. On four separate occasions, Plaintiff was convicted of state crimes, the last of which was in July 29, 1993. (Id.) He served state sentences of confinement from 1993 to September 11, 2000, on which date he was turned over to the INS. (Id.)

The INS commenced removal proceedings against Plaintiff on June 5, 1998. (Id.) The INS charged Plaintiff with removability under four sections of the INA relating to his lack of an immigrant visa or travel document at the time of his arrival to the United States and his criminal convictions. At a master calender hearing in March 1999, Plaintiff admitted all the factual allegations against him, the Immigration Judge ("IJ") sustained all charges of removability, and Plaintiff requested relief under the Convention Against Torture. (Id.) On August 2, 1999, the IJ denied Plaintiff's application under the Torture Convention and ordered Plaintiff removed to Cuba. (Id.) Plaintiff appealed to the Board of Immigration Appeals which dismissed his appeal. (Def.'s Supp. Mem. at 2-4.) Subsequently,

Plaintiff appealed to the U.S. Court of Appeals for the Eighth Circuit which dismissed the case on December 11, 2000. (Id.) On September 11, 2000, the INS took Plaintiff into civil immigration custody for deportation purposes and placed him at the Rush City Correctional Facility.

On March 28, 2001, the INS transferred Plaintiff from Rush City to the Hennepin County Jail. At that time, Plaintiff claimed (in an Office of Internal Audit Report of Complaint received by the INS on August 20, 2001,) that he had five brown paper bags containing personal goods or property taken or stolen from him by immigration officers. (Id. (citing Declaration of Friedrich A. P. Siekert, Ex. 1).) The bags allegedly contained a 1999 INS law book, a prisoner's self help litigation manual, prescription eyeglasses, a hot pot, a photo album with over 350 pictures, commissary food and hygiene products, a green folder containing legal papers, sunglasses, a belt and headphones. (Def.'s Supp. Mem. at 2-4.)

The SPM Investigations unit of the INS Office of Internal Audit (which is separate from the Detention, Deportation, and Parole Unit which was overseeing Plaintiff's civil immigration custody) conducted a detailed investigation. (Id.) The investigation concluded that Plaintiff's inventory and claim of lost property was not consistent with the sworn statements of INS officers and the property documents received from the institutions at which he had been held. (Id.) The investigation developed evidence that, among other things, the INS had replaced Plaintiff's eyeglasses at INS expense and that numerous items had been returned to Plaintiff including numerous legal papers, a hot pot, magazines, a religious book/pamphlet, and various toiletries. (Id.) INS officers disputed Plaintiff's specific claim for a photo album containing 350 pictures because he came into INS custody with only a shoe box containing various papers. (Id. (citing Siekert Declaration, Exs. 2 and 3).)

Plaintiff filed his Complaint in this case on November 15, 2001, and has since been released

from jail pursuant to a successful habeas corpus petition. See Borerro v. Aljets, Civ. No. 00-2351, Order, Docket No. 36 (D. Minn., Jan 4, 2002).

## II. DISCUSSION

### 1. Plaintiff's Motions For Appointment of Counsel

28 U.S.C. § 1915(e) provides that a "court may request an attorney to represent any person unable to afford counsel." However, indigent prisoners do not have a constitutional or statutory right to counsel in civil cases, including civil rights cases. See Wiggins v. Sargent, 753 F.2d 663, 668 (8th Cir. 1985); Nelson v. Redfield Lithograph Printing, 728 F.2d 1003, 1004 (8th Cir. 1984). Rather, the appointment of counsel in such cases is a matter committed to the discretion of the trial court. See Mosby v. Mabry, 697 F.2d 213, 214 (8th Cir. 1982); In re Lane, 801 F.2d 1040, 1042 (8th Cir. 1986). Among the factors the court will consider in determining whether to appoint counsel are the factual complexity of the case, the ability of the plaintiff to present his or her claims, the complexity of the legal issues and whether both the plaintiff and the court would benefit from representation by counsel for both parties. See Johnson v. Williams, 788 F.2d 1319, 1322-23 (8th Cir. 1986).

The Court finds that neither the facts nor the legal issues raised in this case are so complex as to warrant appointment of counsel. Although Plaintiff's pleadings may have been technically imperfect, it appears to this Court that he has the threshold ability to articulate his claims, communicate in writing, present his claims to the court and has done an adequate job of presenting his claims thus far. Moreover, the Court concludes that appointment of counsel would not substantially benefit the Court or Plaintiff. Accordingly, Plaintiff's motions will be denied.

### 2. Defendant INS' Motion to Dismiss

A. Standard of Review

Fed. R. Civ. P. 12(b)(1), provides that a party may raise the defense of "lack of jurisdiction over the subject matter" in a Motion prior to the filing of an Answer to the Complaint. This sequencing is consistent with the core truth that "federal courts are not courts of general jurisdiction and have only the power that is authorized by Article III of the Constitution and the statutes enacted by Congress pursuant thereto." Marine Equip. Mgmt. Co. v. U.S., 4 F.3d 643, 646 (8th Cir. 1993) (citing Bender v. Williams-Port Area Sch. Dist., 475 U.S. 534, 541, (1986)). A Federal Court, therefore, has a duty, in every case before it, to inquire whether the vital prerequisite of subject matter jurisdiction has been satisfied. See Bradley v. American Postal Workers Union, AFL-CIO, 962 F.2d 800, 802 n. 3 (8th Cir. 1992); Thomas v. Basham, 931 F.2d 521, 523 (8th Cir. 1991). Moreover, as subject matter jurisdiction is a threshold consideration, the Court has "broader power to decide its own right to hear the case than it has when the merits of the case are reached." Bellecourt v. U.S., 994 F.2d 427, 430 (8th Cir. 1993).

In order to properly dismiss an action for want of subject matter jurisdiction, the challenging party must successfully attack the Complaint, either upon its face or upon the factual truthfulness of its averments. See Titus v. Sullivan, 4 F.3d 590, 593 (8th Cir. 1993). In a facial challenge to jurisdiction, all of the factual allegations concerning the jurisdictional issue are presumed to be true, and the motion will be granted when the Plaintiff fails to allege an essential element of subject matter jurisdiction. See Titus, 4 F.3d 590 at 593; Wittman v. U.S., 869 F.Supp. 726, 729 (E.D.Mo. 1994)

In order to properly dismiss for lack of subject matter jurisdiction under Rule 12(b)(1), the complaint must be successfully challenged on its face or on the factual truthfulness of its averments. See Osborn v. U.S., 918 F.2d 724, 729 (8th Cir. 1990). The court must accept as true all facts pled

by the non-moving party and grant all reasonable inferences from the pleadings in favor of the non-moving party. See Potthoff v. Morin, 245 F.3d 710, 715 (8th Cir. 2001).

Dismissal for lack of subject matter jurisdiction will not be granted lightly. See Wheeler v. St. Louis Southwestern Ry. Co., 90 F.3d 327, 329 (8th Cir. 1996); citing Bowe v. Northwest Airlines, Inc., 974 F.2d 101, 103 (8th Cir. 1992), cert. denied, 507 U.S. 992, 113 S.Ct. 1602, 123 L.Ed.2d 164 (1993). It should be granted sparingly and with caution. See Huelsman v. Civic Center Corp., 873 F.2d 1171, 1174 (8th Cir. 1989). Dismissal is proper, however, when a facial attack on a complaint's alleged basis for subject matter jurisdiction shows there is no basis for jurisdiction. See Wheeler, 90 F.3d at 329. When it clearly appears that the court lacks jurisdiction, the court has no authority to reach the merits, but rather, should dismiss the action. See Melo v. U.S., 505 F.2d 1026, 1030 (8th Cir. 1974).

B. Discussion

As a sovereign power, the United States may be sued only to the extent that it has consented to suit by statute. See U.S. v. Mitchell, 445 U.S. 535, 538 (1980); Affiliated Ute Citizens of Utah v. U.S., 406 U.S. 128, 141 (1972). The terms of any such consent define the extent of a plaintiff's rights and of the Court's jurisdiction to entertain an action. See Lehman v. Nakashian, 453 U.S. 156, 160 (1981). Therefore, in granting its consent to be sued, the United States may attach such conditions and limitations as it deems proper, and strict compliance with those conditions is an absolute requirement. See Bellecourt, 994 F.2d at 430.

Furthermore, a waiver of sovereign immunity "cannot be implied but must be unequivocally expressed." U.S. v. Mitchell, 445 U.S. at 538 (quoting U.S. v. King, 395 U.S. 1, 4 (1969)); Manypenny v. U.S., 948 F.2d 1057, 1063 (8th Cir. 1991). A waiver of immunity, "if it exists at all,

should be sought in the statute giving rise to a cause of action." Murray v. U.S., 686 F.2d 1320, 1325 (8th Cir. 1982). Accordingly, waivers of sovereign immunity are subject to strict construction. See Honda v. Clark, 386 U.S. 484, 501 (1967); U.S. v. New York Rayon Importing Co., 329 U.S. 654, 659 (1947). As a consequence, in construing the terms and conditions of the Government's waiver of immunity from suit, "all doubts must be resolved in favor of the government." Palmer v. General Services Admin., 787 F.2d 300, 301 (8th Cir. 1986).

The FTCA is a limited waiver of sovereign immunity which requires compliance with the statutory conditions imposed by Congress, Bellecourt, 994 F.2d at 430, which are to be construed narrowly. In order to bring a tort claim against the United States under the FTCA, a claimant must first file an administrative claim with the appropriate federal agency within two years of the accrual of the claim and then file a tort claim against the United States within six months after a denial of (or failure to act upon) that claim by the administrative agency. See 28 U.S.C. §§ 2401(b), 2675. Additionally, the FTCA requires that the named defendant in an FTCA action be the United States and only the United States. See 28 U.S.C. §§ 1346(b), 2674, 2679(a); Atorie Air, Inc. v. F.A.A., 942 F.2d 954, 957 (5th Cir.1991) (noting that to sue successfully under the FTCA, a plaintiff must name the United States as the sole defendant).

The purpose of the FTCA is to compensate private parties for injury or loss of property caused by the negligent or wrongful act or omission of any employee of the government while acting in the scope of his or her office of employment. See 28 U.S.C. §§ 1356(b), 2674. The FTCA is only a limited relinquishment of sovereign immunity, however, and specific exceptions to this general waiver of immunity can be found at 28 U.S.C. § 2680(a)-(n). Defendant INS argues that Plaintiff's claim falls within § 2680(c), which states:

> The provisions of this chapter and § 1346(b) of the title shall not apply to –
>
> (c) Any claim arising in respect of assessment or collection of any tax or customs duty, or the detention of any goods or merchandise by any officer of customs or excise or any other law-enforcement officer.

See § 2680(c). See also Cheney v. U.S., 972 F.2d 247 (8th Cir. 1992) (the exception to a waiver of sovereign immunity in the FTCA for claims arising from detention of goods or merchandise by law enforcement officers extends to damage claims resulting from negligent handling of detained property).

The question for determination before this Court is whether Plaintiff's claim falls within the aforementioned exception. For this exception to apply in the instant case, Defendant INS must prove that: (1) Plaintiff's claim arose from a detention; (2) the detained objects must have been the "goods, merchandise or other property"; (3) the detention must have been conducted by a "law enforcement officer"; and (4) the detention must have been of the kind envisioned by the statute. See Kosak v. U.S., 465 U.S. 848, 854 (1983).

In light of the forgoing, we conclude that Plaintiff's claim is excepted from the FTCA. First, Plaintiff's claims arise as the result of negligent handling and/or storage of his detained property by the INS, therefore it is clear that his alleged loss arises out of a detention. See Kosak, 465 U.S. at 854 (defining "arising in respect of" to mean any claim arising out of the detention of goods, merchandise, or property including a claim resulting from the negligent handling of detained property). Second, Plaintiff's claimed items include books, prescription eyeglasses, a hot pot, a family photo album, food and hygiene items, and as such, his claim clearly involves "goods, merchandise or other property."

Third, with respect to whether INS officials are "federal law enforcement officers" within the meaning of 2680(c), an examination of the Eighth Circuit's interpretation of the limitation on the

United States' waiver of sovereign immunity under the FTCA reveals that the issue has not yet been decided. There is some evidence to suggest that the FTCA has been applied to a broader range of officers than merely to customs or tax officers in this Circuit. See, e.g., U.S. v. Lewis, 987 F.2d 1349 (8th Cir. 1993) (undercover government agents included); see also Cheney v. U.S., 972 F.2d 247 (8th Cir. 1992) (federal drug task force agents included). Furthermore, several other courts interpreting § 2680(c) have refused to limit the scope of § 2680(c) to law enforcement officers acting in a customs or tax capacity. See Formula One Motors, Ltd. v. U.S., 777 F.2d 822 (2d Cir.1985) (applying the section to bar FTCA actions involving detention of goods by federal narcotics agents); U.S. v. 1500 Cases, More or Less, 249 F.2d 382 (7th Cir.1957) (applying the section to bar FTCA actions involving detention of goods by Food and Drug Administration agents); U.S. v. Lockheed L-188 Aircraft, 656 F.2d 390 (9th Cir.1979) (applying the section to bar FTCA actions involving seizure of an airplane by Federal Aviation Administration officials); U.S. v. 2,116 Boxes of Boned Beef, 726 F.2d 1481, 1490-91 (10th Cir.) (applying the section to bar FTCA actions involving detention of goods by Department of Agriculture agents); Schleaebitz v. U.S., 924 F.2d 193, 194 (11th Cir.1991) (applying the section to bar FTCA actions involving seizure of luggage by US Marshal); See Ysasi v. Rivkind, 856 F.2d 1520, 1524-25 (Fed. Cir. 1988) (applying the section to bar FTCA actions involving detention of goods by INS officials); Halverson v. U.S., 972 F.2d 654, 656 (5th Cir. 1992) (applying the section to bar FTCA actions involving seizure by any federal law enforcement officers in the performance of their lawful duties).

This Court finds these decisions persuasive, not to mention the plain language of § 2680(c) that exempts "[a]ny claim arising in respect of . . . the detention of any goods or merchandise by . . . any other law- enforcement officer." In light of the foregoing, we conclude that § 2680(c) exempts from

the FTCA's waiver of sovereign immunity any claim based on the detention of goods by INS officers in the performance of their lawful duties. We are convinced that our Circuit would adopt the same position, especially since the meager legislative history of § 2680(c) is not in any way inconsistent with the interpretation given the statute by these courts. See Kosak, 465 U.S. at 855-61.

Finally, the loss of personal property by the INS officers is just the kind of claim encompassed within § 2680(c)'s purview. Consequently, construing the pleadings in the light most favorable to Plaintiff, this Court concludes that dismissal of this action pursuant to Rule 12(b)(1) is proper.

## III. ORDER

Based upon the above, and upon all files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Plaintiff's Motions for Appointment of Counsel [##5 & 8] are **DENIED**;

2. Plaintiff's Motion for Temporary Restraining Order and Preliminary Injunction [#7] is **DENIED as Moot**.

## IV. RECOMMENDATION

Based upon the above, and upon all files, records and proceedings herein, **IT IS HEREBY RECOMMENDED** that:

1. Defendant INS' Motion to Dismiss for Lack of Subject Matter Jurisdiction [#16] be **GRANTED**.[1]

---

[1] This Court also lacks jurisdiction on the grounds that it does not appear that Plaintiff's "presented the claim to the appropriate agency" or that the claim was "finally denied by the agency." 28 U.S.C. §2675. See Bellecourt; 994 F.2d at 430 (holding that presentment of an administrative claim is jurisdictional and must be pled and proved by the FTCA claimant); Melo v. U.S., 505 F.2d 1026 (8th Cir. 1974); Lundgren v. U.S., 810 F. Supp. 256, 257 (D. Minn. 1992). Furthermore, it does not appear that the Plaintiff named the United States as proper defendant in this action. See 28 U.S.C. §§ 1346(b), 2674, 2679(a); Atorie Air, Inc. v. Federal Aviation

DATED: MAY 24, 2002

FRANKLIN L. NOEL
United States Magistrate Judge

Pursuant to Local Rule 72.1(c)(2), any party may object to this Report and Recommendation by filing with the Clerk of Court and serving on all parties, within ten days of this Report and Recommendation, written objections which specifically identify the portions of the proposed findings, recommendations or report to which objection is being made, and a brief in support thereof. A party may respond to the objecting party's brief within ten days after service thereof. All briefs filed under this rule shall be limited to ten pages. A judge shall make a de novo determination of those portions to which objection is made.

This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable to the Circuit Court of Appeals.

---

Administration, 942 F.2d 954, 957 (5th Cir.1991)