UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Lazaro Despaigne Borrero,

Plaintiff,

vs.

Basilio Hernandez, INS Transportation Officer,

Defendant.

Civil No. 01-2092 JEL/FLN

**REPORT AND RECOMMENDATION**

---

Plaintiff, *Pro-se*.
Friedrich Seikert, Assistant United States Attorney, for Defendant Hernandez.

---

**THIS MATTER** is before the Court on Plaintiff's Motion for Partial Summary Judgment [# 21] and Defendant Hernandez's ("Defendant" or "Defendant Hernandez") Motion to Dismiss or For Summary Judgment [#36]. The matter has been referred to the undersigned Magistrate Judge for a Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.1. For the reasons discussed below, the Court recommends that Defendant's motion to dismiss be granted and Plaintiff's motion be denied.

## I. BACKGROUND

Plaintiff commenced this action by filing a Complaint in this Court, seeking damages and injunctive relief under: (1) 42 U.S.C. § 1983 for the alleged "unlawful and unwarranted deprivation of personal property in violation of the Due Process Clause of the Fifth and Fourteenth Amendments to the United States Constitution;" and (2) the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2671

OCT 28 2002
FILED
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

*et seq* for the loss of his property.[1] (See Complaint.) The form Plaintiff used for his original Complaint was a 42 U.S.C. § 1983 Complaint form. However, because Defendant Hernandez is a federal official, the action is actually brought under Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics, 403 U.S. 388 (1971) and not 42 U.S.C. § 1983.

After reviewing the Complaint and all supporting documents, this Court concluded that Plaintiff was alleging Bivens and FTCA claims against Defendant Hernandez in his individual and official capacity. The Court was unclear as to whether Plaintiff was also asserting a FTCA claim against the Immigration and Naturalization Service ("INS"); however, in light of the mandate in which *pro-se* pleadings are construed and in an abundance of caution, we interpreted Plaintiff's Complaint to include a FTCA claim against the INS.

The events that give rise to this action concern the loss or deprivation of Plaintiff's personal property during an inter-prison transfer from the Rush City Correctional Facility ("MCF Rush City") to the Hennepin County Adult Correctional Facility ("HCACF") by officers with the INS. (See Complaint.) Plaintiff claims a loss valued at $2,030 for his property and also seeks $25,000 for resulting emotional injuries. Additional information regarding the facts of this claim are contained in the Report and Recommendation filed previously in this case, Lazaro Despaigne Borrero v. Hernandez, INS Transportation Officer, et al., Civil File No. 01-2092 JEL/FLN (May 24, 2002)(Docket # 34), which is incorporated herein by reference.

---

[1] The Fourteenth Amendment to the United States Constitution requires state action. In light of the fact that Defendant Hernandez is a federal officer, that amendment is inapplicable here. Plaintiff's due process claims are properly construed under the Fifth Amendment which provides procedural protection against arbitrary Governmental action which affects an individual's life, liberty or property interest.

Our May 24, 2002, Report and Recommendation dismissed the INS as a party because Plaintiff's claim against that governmental agency was clearly excepted under the FTCA, 28 U.S.C. § 2680(c) and he also failed to name the United States as the proper defendant. Defendant Hernandez now brings the instant motion for summary judgment on the grounds that: (1) he is protected by the absolute immunity clause of the FTCA, 28 U.S.C. § 2679; (2) the Complaint does not state a cognizable Bivens action; (3) he is entitled to qualified immunity; and (4) he was not properly served.

## II. STANDARD OF REVIEW

In the case of a defendant's 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted, the court is limited to considering the allegations of the complaint, must take those allegations as true and must view the complaint in the light most favorable to the plaintiff. See Conley v. Gibson, 355 U.S. 41, 45-46 (1957); Ring v. First Interstate Mortg., Inc., 984 F.2d 924 (8th Cir. 1993); Klett v. Pim, 965 F.2d 587, 589 (8th Cir. 1992); U.S. v. Aceto Agric. Chem. Corp., 872 F.2d 1373, 1376 (8th Cir. 1989); Toombs v. Bell, 798 F.2d 297, 298 (8th Cir. 1986). The court should not grant a motion to dismiss merely because the complaint does not state with precision every element of the offense necessary for recovery. See 5 Wright & Miller, Federal Practice and Procedure: Civil, §§ 1216 at 120 (1969). A complaint is sufficient if it contains "allegations from which an inference can be drawn that evidence on these material points will be introduced at trial." Id. at 122-23. Moreover, a court should not dismiss a complaint unless it "appears beyond a reasonable doubt that plaintiff can prove no set of facts in support of his complaint which would entitle him to relief." Conley, 335 U.S. at 45-46. Thus, a motion to dismiss is likely to be granted "only in the unusual case in which a plaintiff includes allegations that show on the face of the complaint that there is some insuperable bar to relief." Fusco v. Xerox Corp., 676 F.2d 332, 334 (8th

Cir. 1982); see also Palmer v. Tracor, Inc., 856 F.2d 1131 (8th Cir.1988).

A court should afford a *pro-se* litigant the benefit of the doubt in construing his or her pleadings and factual averments. See Malek v. Camp, 822 F.2d 812 (8th Cir. 1987); Miller v. Solem, 728 F.2d 1020 (8th Cir. 1984), cert. denied, 469 U.S. 841 (1984). *Pro-se* plaintiffs must, however, meet the same standards as litigants represented by counsel to survive a summary judgment motion or a motion to dismiss, that is, "the complaint must allege facts which, if true, state a claim as a matter of law." Martin v. Aubuchon, 623 F.2d 1282, 1286 (8th Cir. 1980); Quam v. Minnehaha County Jail, 821 F.2d 522 (8th Cir. 1987); see also, Martin v. Sargent, 780 F.2d 1334, 1337 (1985) ("[a]lthough it is to be liberally construed, a *pro-se* complaint must contain specific facts supporting its conclusions").

## III. DISCUSSION

### 1. Plaintiff's FTCA Claim Against Defendant Hernandez Must be Dismissed

As noted earlier, this Court's May 24, 2002, Report and Recommendation dismissed the INS as a party because Plaintiff's claim against the INS was clearly excepted under the FTCA, 28 U.S.C. § 2680(c) and he also failed to name the United States as the proper defendant. In light of our ultimate conclusion that Plaintiff's claim was excluded from the FTCA and could not be asserted against the United States because of its sovereign immunity, we did not provide a detailed explanation as to why the United States, and not the INS, should have been named as the Defendant. We now do so because is it relevant to our disposition of Plaintiff's FTCA claim against Defendant Hernandez.

A government agency cannot be sued unless Congress, using explicit language, specifically authorizes that a lawsuit can be filed against that agency. See City of Whittier v. U.S. Dept. of Justice, 598 F.2d 561, 562 (9th Cir. 1979); Blackmar v. Guerre, 342 U.S. 512, 515 (1952). Congress

has not authorized tort suits against the INS. An action against the United States Government under the Federal Tort Claims Act ("FTCA") is the exclusive remedy for tort actions arising out of acts or omissions of federal employees acting in the scope of their employment with the United States. See 28 U.S.C. §§ 1346(b) and 2679. In other words, all suits brought under the FTCA must be brought against the United States. See Vernell v. U.S. Postal Service, 819 F.2d 108, 109 (5th Cir.1987). Thus the INS was not subject to suit under the FTCA and was properly dismissed for lack of subject matter jurisdiction.

Even if we allowed Plaintiff to substitute the United States as the proper defendant, since the intentional tort alleged in Plaintiff's Complaint -- negligent handling of detained property - was excluded from the FTCA, it cannot be asserted against the United States at all, because of its sovereign immunity. Apparently, Plaintiff concludes from this that he must be free to pursue this claim against Defendant Hernandez. We disagree. This argument was foreclosed by the Supreme Court's decision in U.S. v. Smith, 499 U.S. 160 (1991) which held that, after substitution of the United States as defendant under § 2679, the federal employee's immunity extends to claims that may not be asserted against the Government by reason of § 2680. In other words, because the FTCA is an exclusive remedy for torts committed by federal employees acting within the scope of their employment, if recovery is not available against the United States under § 2680, it is not available at all.

Thus, in viewing the evidence in the light most favorable to Plaintiff, this Court is of the opinion that Plaintiff has failed to state a claim upon which relief can be granted. Accordingly, this Court will recommend that Defendant Hernandez's Motion to Dismiss Plaintiff's FTCA claim be granted.

**2. Plaintiff's Bivens Claims Against Defendant Hernandez in his Official Capacity Must be Dismissed**

Plaintiff's Bivens claims against Defendant Hernandez in his official capacity must be dismissed. Although Bivens and its progeny permit suits against federal employees based on constitutional violations, they do not waive sovereign immunity for actions against the United States. See Laswell v. Brown, 683 F.2d 261, 267-68 (8th Cir. 1982).

Defendant Hernandez correctly argues that he cannot be sued in his "official capacity" because this would in effect be a suit against the United States. In a Bivens action, individuals sued in their official capacity are entitled to the same sovereign immunity as the United States. See Phelps v. U.S. Federal Government, 15 F.3d 735, 739 (8th Cir. 1994). Therefore, any Bivens claims against Defendant Hernandez in his official capacity must be dismissed based on sovereign immunity.

**3. Defendant Hernandez is entitled to Qualified Immunity**

Defendant Hernandez also asserts the affirmative defense of qualified immunity. "Qualified immunity shields government actors from suit when, 'a reasonable officer could have believed [the challenged act] to be lawful, in light of clearly established law and the information the [defendant]s possessed.'" Weiler v. Purkett, 137 F.3d 1047 (8th Cir. 1998) (quoting Anderson v. Creighton, 483 U.S. 635, 641 (1987)). To determine whether an official is entitled to immunity, a court must perform a two-prong analysis. Id. at 1049-1050. First, the court must determine if the plaintiff alleged a deprivation of constitutional magnitude. Id. Second, if the plaintiff has alleged such a deprivation, the court must determine if the constitutional right was so clearly established that a reasonable public official would have known his or her conduct violated the Constitution at the time of the act. Id.

**A. Allegation of a Constitutional Right - Procedural Due Process**

Plaintiff appears to argue that his procedural due process rights were violated by the manner in which Defendant Hernandez, without notice, receipt or consent confiscated his personal property during an inter-prison transfer. Assuming, as we must, that Plaintiff is right in these allegations, the alleged violations fail to substantiate a claim for a due process violation under the Fifth Amendment to the United States Constitution.

The Supreme Court decided in Sandin v. Conner, 515 U.S. 472, 486 (1995), that a detainee's liberty interest requiring a due process procedure prior to infringement is created only if the Government activity results in a "atypical, significant deprivation". That is, due process rights are not implicated by the normal deprivations an inmate faces under prison regulations; the deprivation must be significant and a departure from the incidents of ordinary prison life. Id.; Freitas v. Ault, 109 F.3d 1335, 1337-38 (8th Cir. 1997).

Per HCACF and INS regulations, Plaintiff's personal property was secured during an inter-prison transfer, recorded and stored in the storage room at the INS Bloomington Service Office. Subsequently, most, but not all of the property was returned to him. At best Plaintiff's claims amount to the negligent handling of detained property; however, it does not rise to the level of a due process violation. See Daniels v. Williams, 474 U.S. 327, 328 (1986) (the Due Process Clause is simply not implicated by a negligent act of an official causing unintended loss of or injury to life, liberty, or property).

Assuming *arguendo* that the aforementioned circumstances could be characterized as anything other than the negligent handling of detained property, the Supreme Court is yet to recognize a liberty interest arising out of securing a detainee's personal property during an inter-prison transfer.

Additionally, the Eighth Circuit has decided that the appropriate inquiry into the alleged violation is not whether regulations mandate certain actions that, if not followed, deprive inmates of due process, but whether the conditions of the inmate's confinement after the officials' actions "constituted a hardship that could reasonably be characterized as 'atypical and significant.'" Freitas, 109 F.3d at 1337 (finding that inmate's transfer without a mandatory hearing under state and prison policies did not invoke due process concerns because confinement conditions after the transfer, including segregation and limits on phone calls, were not an unusual hardship). In the instant case, even if Plaintiff suffered a deprivation when Defendant Hernandez secured his property, this Court is confident that such a deprivation was not atypical or significant.

Moreover, Plaintiff cannot establish that he was deprived of any due process since he had adequate post deprivation remedies in the form of grievance procedures with the INS and various institutions in which he was detained. See Orebaugh v. Caspari, 910 F.2d 526, 527 (8th Cir. 1990) (holding that to the extent prisoner based his claim on the unauthorized destruction of his property, there was no violation of due process because he was provided with an adequate post-deprivation remedy). In fact, the record evidence reveals that Plaintiff availed himself of the aforementioned grievance procedures. In light of the forgoing, we conclude that Plaintiff has failed to allege a violation of his constitutional right to procedural due process.

**B. Contours of the Right as "Clearly Established"**

In light of this Court's determination that Plaintiff failed to allege any possible constitutional violation, we need not address the second prong of the qualified immunity analysis. See Thomas v. Hungerford, 23 F.3d 1450, 1452-54 (8th Cir. 1994) (defendants entitled to qualified immunity because no constitutional violation alleged).

Because Plaintiff failed to allege a deprivation of constitutional magnitude, the Court concludes that Defendant Hernandez is entitled to qualified immunity and that Plaintiff's Complaint should be dismissed with prejudice.

## IV. RECOMMENDATION

Based upon the above, and upon all files, records and proceedings herein, **IT IS HEREBY RECOMMENDED** that:

1. Plaintiff's Motion for Partial Summary Judgment [#21] be **DENIED**;

2. Defendant's Motion to Dismiss [#36] be **GRANTED**. **PLAINTIFF'S COMPLAINT SHOULD BE DISMISSED WITH PREJUDICE**.

DATED: Oct. 25, 2002

FRANKLIN L. NOEL
UNITED STATES MAGISTRATE JUDGE

Pursuant to Local Rule 72.1(c)(2), any party may object to this Report and Recommendation by filing with the Clerk of Court and serving on all parties, within ten days of this Report and Recommendation, written objections which specifically identify the portions of the proposed findings, recommendations or report to which objection is being made, and a brief in support thereof. A party may respond to the objecting party's brief within ten days after service thereof. All briefs filed under this rule shall be limited to ten pages. A judge shall make a de novo determination of those portions to which objection is made.

This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable to the Circuit Court of Appeals.